# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LAFON MOULTRIE,<br><br>        Plaintiff,<br><br>v.<br><br>HAYNES, et al.,<br><br>        Defendants. | **1:18-cv-01555-SKO (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR ACCESS TO THE LAW LIBRARY FOR LACK OF JURISDICTION**<br><br>**(Doc. 7)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**Clerk of Court to Assign a District Judge** |

Plaintiff is a prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. On December 21, 2018, Plaintiff filed a request for an "order to have access to the law library." (Doc. 7.) Plaintiff indicates that he is being denied access to the law library because he is unable to produce an "order to show cause or requesting an informal response." (*Id.*) This motion is construed as a request for injunctive relief.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find

1

the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Thus, Plaintiff's request for access to the law library must be denied, since it is not related to the allegations presented in this action which raises claims for failure to provide for Plaintiff's safety.

Further, the pendency of this action does not give the Court jurisdiction over prison officials in general or over the issues raised in Plaintiff's motion. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599 F.3d at 969. Plaintiff does not seek a temporary restraining order and/or preliminary injunction against any of the Defendants named in this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion must be denied for lack of jurisdiction over prison personnel who have allegedly denied him access to the law library unless he has a pending court deadline.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his allegations in the pleadings in this action. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum—although there are currently no deadlines pending for any action by Plaintiff in this case which would merit access to the law library.

Plaintiff's First Amended Complaint is in line to be screened. Upon screening an order will issue providing deadlines as needed, which Plaintiff may use for law library access. The seriousness of Plaintiff's accusations concerning his inability to access to the law library cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its

existence.") This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for an order to have access to the library, filed December 21, 2018 (Doc. 7), be DENIED for lack of jurisdiction. The Clerk of the Court is directed to randomly assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 12, 2019**          /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE