# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LAFON MOULTRIE,<br><br>Plaintiff,<br><br>v.<br><br>HAYNES, et al.,<br><br>Defendants. | 1:18-cv-01555-LJO-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION<br><br>(Doc. 13)<br><br>21-DAY DEADLINE |

Plaintiff Andre Lafon Moultrie, an inmate proceeding *pro se* and *in forma pauperis*, alleges that the defendants failed to protect him against assaults by other inmates in violation of the Eighth Amendment. (Doc. 13.) In Plaintiff's first and second amended complaints, the Court found that Plaintiff failed to state a cognizable claim for relief.[1] (Docs. 10, 12.) The Court provided Plaintiff with the pleading requirements and legal standards for his alleged claims and granted him leave to amend. (*Id.*) Despite these opportunities, Plaintiff still fails to state a cognizable claim in his third amended complaint (TAC). The Court finds that Plaintiff is unable to cure the deficiencies in his pleading, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012), and recommends that this action be **DISMISSED**.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a

---

[1] Plaintiff filed his first amended complaint before the Court had the opportunity to screen his original complaint.

governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe*

*I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage Requirement

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

To state a claim for relief, a plaintiff must link each named defendant with some affirmative act or omission that caused a violation of the plaintiff's federal rights. The plaintiff must clearly identify which defendant he believes is responsible for each violation of his rights and set forth the supporting factual basis, as his complaint must put each defendant on notice of his claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

## III. DISCUSSION

### A. Plaintiff's Allegations

In his TAC, Plaintiff alleges that, on March 3, 2018, Defendant-Deputy Chavez ordered him to the "Sally Port" at "Main Jail 4th floor" of Fresno County Jail to distribute lunches to other inmates. (Doc. 13 at 3.) While Plaintiff was serving lunches, Defendant-Deputy Haynes opened the door to "Main Jail 4B" pod, "allowing upwards of … twenty inmates to rush out" and assault Plaintiff. (*Id.* at 4.) Deputy Haynes failed to secure the sally port before opening the door to pod 4B. (*Id.*) In his SAC, Plaintiff states that this pod is a "keep separate pod," and that inmates moving outside of it should be escorted. (Doc. 11 at 4.) Defendants failed to escort or otherwise

provide sufficient attention to Plaintiff while he was serving lunches. (*Id.*)

For the reasons discussed below, Plaintiff's claims are not cognizable. In its screening orders, the Court provided Plaintiff with the legal standards for the claims of failure to protect and retaliation. (Docs. 10, 12.) The Court addresses each below.

**B. Claims for Relief**

1. <u>Failure to Protect</u>

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner "must show that … officials acted with *deliberate indifference* to the threat of serious harm or injury." *Labatad*, 714 F.3d at 1160 (emphasis added) (citation omitted). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence, … [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official shows "deliberate indifference" to a threat of serious injury to an inmate when he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

The deliberate indifference standard includes both objective and subjective components. First, objectively, the alleged deprivation must be "sufficiently serious." *Id.* at 834. "For a claim based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (citation omitted). Here, the Court finds that Plaintiff's allegation that he was beaten by inmates in an area in which he should have had an escort, and in which Plaintiff was engaged in activities requested by a defendant, is sufficiently serious to meet the objective prong.

Second, subjectively, the prison official must "know[] of and disregard[] an excessive risk to inmate health and safety." *Id.* at 837 (as quoted in *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995)). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. In other words, the prison official is liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Plaintiff alleges that Defendant Chavez asked him to serve lunches alone in an area in which he should have had an escort. (Doc. 11 at 3-4.) Plaintiff also alleges that Defendant Haynes permitted inmates to enter the area, thereby allowing the inmates to attack Plaintiff. (Doc. 13 at 4.) These allegations to not suffice to show deliberate indifference.

Although Plaintiff states that Deputy Chaves "deliberately ordered [him] to the 'Sally Port,'" (*id.* at 3), and that Deputy Haynes "deliberately opened the door" to B pod, (*id.* at 4), Plaintiff does not allege that Defendants were deliberately indifferent to an excessive risk to his safety. To state a deliberate indifference claim, Plaintiff need not only show that Deputy Haynes purposefully opened the door, he must also show that a defendant knew that, by opening the door, Plaintiff was at substantial risk of serious harm. *See Farmer*, 511 U.S. at 837. While Plaintiff's allegations may show that Defendants were negligent—which is not actionable here—they do not demonstrate that they permitted the inmates to enter knowing that Plaintiff would likely be attacked.

2. Retaliation

A claim for retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, the plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In

other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Here, Plaintiff does not state a cognizable retaliation claim. Plaintiff does not set forth allegations that he engaged in protected activity, that Defendants knew about such activity, or that such activity was a motivating factor for either of the defendant's actions. The mere possibility that a defendant acted in retaliation is not sufficient to state a cognizable claim. *See Iqbal*, 556 U.S. at 678.

**IV. CONCLUSION AND RECOMMENDATION**

Though Plaintiff has received two opportunities to amend his pleading, Plaintiff's third amended complaint still fails to state a claim on which relief can be granted. Given that Plaintiff's current complaint suffers from that same deficiencies as in his prior two complaints, the Court finds that further amendment would be futile. Accordingly, the Court **RECOMMENDS** that this action be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 19, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE